UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR LEN CRUMP,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.
_____/

Case No. 15-cv-13023

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [5],
GRANTING RESPONDENT'S MOTION TO DISMISS [6],
DISMISSING THE HABEAS PETITION [1] WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Victor Len Crump ("Petitioner") filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 24, 2015, and on October 19, 2015, Petitioner filed a motion for appointment of counsel. In his Habeas Petition [1], Petitioner challenges his Jackson County (Michigan) convictions for first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and aggravated domestic violence, MICH. COMP. LAWS § 750.81a(2).

Petitioner asserts in his Petition that (1) the trial court failed to adequately accommodate his hearing disability, (2) his trial attorney was ineffective, (3) he was not competent to stand trial, and (4) his prior convictions should not have been used to enhance his sentence because he did not have a qualified interpreter at the time. Respondent Shawn Brewer recently moved to dismiss the habeas petition on the basis that Petitioner did not exhaust state remedies for all his claims. The Court agrees. The Court therefore will **GRANT** Respondent's motion [6] and **DISMISS** the Habeas Petition [1] without prejudice.

## II. BACKGROUND

### A. The State-Court Proceedings

The charges against Petitioner arose from allegations that he broke into the home where his estranged girlfriend was caring for an elderly man and beat his girlfriend. Petitioner was tried before a jury in Jackson County Circuit Court, and on March 9, 2010, the jury found him guilty, as charged, of first-degree home invasion, assault with intent to do great bodily harm less than murder, and aggravated domestic violence. On April 15, 2010, the trial court sentenced Petitioner as a habitual offender to concurrent terms of twenty to thirty years in prison for the home invasion and assault and 191 days for the domestic violence, with jail credit for 191 days.

Petitioner subsequently moved for a new trial regarding his hearing impairment and his ability to understand the proceedings against him. He also alleged that his trial attorney was ineffective. The trial court conducted several hearings over a period of months and denied the motion in a written decision on December 16, 2011. Petitioner then moved for re-sentencing on the ground that the trial court enhanced his sentence on the basis of prior convictions that were obtained in violation of his right to have an interpreter. The trial court found no merit in Petitioner's motion and denied it.

In a subsequent appeal from his convictions, Petitioner made the following arguments through counsel:

> (1) The Appellant must be re-sentenced when the trial court does not allow the Appellant's attorney a reasonable opportunity to review the Pre-Sentence Investigation Report and discuss it with Appellant and the trial court imposed an enhanced sentence without properly verifying Appellant's probationary status and the number of his prior convictions;
>
> (2) Where the Judgment of Sentence and the PSIR contains, inaccurately, that Appellant was found guilty of being a Habitual 4th Offender, remand is mandatory to remove the inaccurate information even if no request was made in the trial court where the trial court violated the provisions of MCR 6.425;
>
> (3) The Appellant is entitled to a new trial due to the ineffective assistan[ce] of trial counsel because the cumulative effect of trial counsel's errors denied the Appellant a fair trial and robbed him of a meaningful defense; and

> (4) Although an issue of first impression in Michigan, Appellant requests this Court to hold that felony convictions obtained by a hearing impaired person without the aide (sic) of a qualified interpreter may not be used to enhance his sentence under the habitual offender statute.

The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case to the trial court to correct an error in Petitioner's pre-sentence investigation report. *See People v. Crump*, No. 298206, 2013 WL 3481354 (Mich. Ct. App. July 11, 2013).

In an application for leave to appeal in the Michigan Supreme Court, Petitioner argued that: (1) he was entitled to be re-sentenced because the trial court counted a misdemeanor conviction as a felony; (2) he was denied effective assistance of trial counsel; and (3) his felony convictions should not have been used to enhance his sentence where the prior convictions were obtained without the aid of a qualified interpreter for the deaf and hard of hearing. In support of his claim that trial counsel was ineffective, Petitioner asserted that his attorney (a) waived his right to testify without his consent, (b) failed to move for suppression of his statement to the police, (c) failed to present a substantial defense or any evidence to support his defense, (d) failed to effectively cross-examine the only eyewitness against him, (e) failed to impeach the complainant with her statement that she did not want to prosecute him, (f) chose a defense that was doomed from

its inception, and (g) failed to allocute at sentencing to prevent a misdemeanor from being used as a prior felony under the habitual offender statute. The Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Crump*, 495 Mich. 1002 (2014).

## B.  The Habeas Petition and Motion to Dismiss the Petition

On August 19, 2015, Petitioner signed his habeas petition, and on August 24, 2015, the Clerk of the Court filed the petition. The Court understands Petitioner's grounds for relief to be:

1. The trial court failed to accommodate his hearing disability at trial and violated his rights under the Constitution, the Americans with Disabilities Act, and the Deaf Person's Interpreter Act;

2. Trial counsel was ineffective for:

    a. waiving Petitioner's right to testify without Petitioner's consent;

    b. failing to move to suppress Petitioner's statement, which was taken in violation of the Deaf Person's Interpreter Act;

    c. failing to call witnesses to present a substantial defense and failing to present any evidence in support of Petitioner's defense;

    d. failing to adequately cross-examine the complainant;

    e. failing to impeach the complainant with her letter, which stated that she did not want to prosecute Petitioner;

      f. abandoning the initial defense theory and choosing a defense that was doomed from its inception;

      g. failing to argue at sentencing that a misdemeanor should not be used to enhance his sentence; and

      h. failing to do any research on the rights of the deaf and hearing-impaired.

3. He was not competent to stand trial because he is deaf and the accommodations at trial were inadequate to assist him; trial counsel was ineffective for failing to object; and

4. The prior convictions of a deaf and hearing-impaired person should not be used to enhance the sentence under the habitual offender statute if the person did not have a qualified interpreter.

Petition for Writ of Habeas Corpus, at 5, 7-8, 10; Attachment; and Memorandum of Law in Support of Petition. As noted above, Respondent contends that Petitioner failed to exhaust state remedies for all his claims.

### III. LAW AND ANALYSIS

### A. The Exhaustion Doctrine

A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted state remedies for his claims. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state

supreme court when that review is part of the state's ordinary appellate review procedure. *Boerckel,* 526 U.S. at 847. This means that, to properly exhaust state remedies, a habeas petitioner must present each of his issues to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

**B. Application**

Petitioner exhausted state remedies for his fourth claim regarding the prior convictions of a hearing-impaired person. Petitioner's other claims, however, are not fully exhausted. Petitioner did not present his first claim (failure to accommodate his hearing disability at trial) or his third claim (incompetence to stand trial) in either the Michigan Court of Appeals or the Michigan Supreme Court. He raised the competency claim in his motion for new trial, but then abandoned the claim when he appealed the trial court's decision.

Petitioner also failed to exhaust state remedies for portions of his second claim regarding trial counsel's alleged ineffectiveness. He did not raise the argument about trial counsel's failure to research the rights of the hearing-impaired in either the Michigan Court of Appeals or the Michigan Supreme Court. And he raised three of his arguments about trial counsel (the waiver of his right to testify, the failure to impeach the complainant with her letter, and the failure to allocute at

sentencing) in the Michigan Supreme Court, but not in the Michigan Court of Appeals. Raising a claim for the first time in a state's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

To summarize, Petitioner exhausted state remedies for his fourth claim, but not his first and third claims, nor portions of his second claim. The Court therefore concludes that the habeas petition is a "mixed" petition of exhausted and unexhausted claims. A federal court ordinarily may not adjudicate "mixed" petitions and must, instead, dismiss the petition without prejudice so that the petitioner can return to state court and present the unexhausted claims to the state court in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (explaining the Supreme Court's holding in *Rose v. Lundy*, 455 U.S. 509 (1982)). Petitioner has not offered to dismiss his unexhausted claims, nor requested a stay to enable him to pursue additional state remedies without running afoul of the statute of limitations. Accordingly, Respondent's Motion to Dismiss the habeas petition [6] is **GRANTED**. The Petition for Writ of Habeas Corpus [1] is **DISMISSED** without prejudice, and Petitioner's Motion for Appointment of Counsel [5] is **DENIED**.

### IV. DENIAL OF A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, when, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner clearly has not exhausted state remedies for several of his claims. Reasonable jurists therefore would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. The Court therefore declines to issue a certificate of appealability or to grant leave proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: March 21, 2016                    /s/Gershwin A Drain
Detroit, MI                              HON. GERSHWIN A. DRAIN
                                         United States District Court Judge